J-S35004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.                        :
:
:
REYNALDO MERCADO        :
:
Appellant       :   No. 428 MDA 2021

Appeal from the Judgment of Sentence Entered November 19, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004049-2018

BEFORE:    OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:           **FILED: AUGUST 29, 2022**

Appellant, Reynaldo Mercado, appeals from a judgment of sentence entered on November 19, 2020, as made final by the denial of his post-sentence motions on March 19, 2021. In this direct appeal, Appellant's counsel initially filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After independent review, we identified a non-frivolous issue pertaining to the legality of Appellant's consecutive sentences imposed upon two conspiracy convictions. Accordingly, we denied counsel's petition to withdraw and remanded this matter to afford counsel the opportunity to file an advocate's brief. Counsel for both parties, as advocates, have now briefed the issues raised on appeal

_____

[*] Retired Senior Judge assigned to the Superior Court.

and the case is ripe for merits review. After careful consideration, we affirm Appellant's convictions, vacate his sentence, and remand for resentencing.

Appellant's convictions arose out of the fatal stabbing and robbery of Fred Boote, together with a fire at Boote's Luzerne County residence, which occurred during the early morning hours of September 14, 2018. At the conclusion of trial on November 18, 2020, a jury found Appellant guilty of first-degree murder, second-degree murder, third-degree murder, burglary, robbery, criminal conspiracy to commit robbery, theft by unlawful taking or disposition, arson, criminal conspiracy to commit arson, abuse of a corpse, and tampering with or fabricating physical evidence.[1] On November 19, 2020, the court imposed an aggregate sentence of life imprisonment plus 32 to 64 years' incarceration.[2]

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(b), 2502(c), 3502(a)(1)(i), 3701(a)(1)(i), 903(a) and 3701(a)(1)(i), 3921(a), 3301(a)(1)(ii), 903(a) and 3301(a)(1)(ii), 5510, and 4910(1), respectively.

Louisa Reyes, a co-defendant, pled guilty on September 10, 2020, and testified against Appellant at his trial.

[2] For sentencing purposes, the trial court merged Appellant's second- and third-degree murder convictions with his conviction for first-degree murder. In addition, the court imposed consecutive sentences of 72 to 144 months for burglary, 96 to 192 months for robbery, 72 to 144 months for criminal conspiracy to commit robbery, 72 to 144 months for arson, 60 to 120 months for criminal conspiracy to commit arson, 12 to 24 months for abuse of corpse, and a concurrent term of 6 to 12 months for tampering with or fabricating physical evidence. The court imposed a $100.00 fine for theft by unlawful taking or disposition. The sentences imposed for Appellant's non-homicide offenses fall within the standard range of the sentencing guidelines. Appellant
*(Footnote Continued Next Page)*

Appellant filed a post-sentence motion on November 24, 2020. That motion was denied on March 19, 2021. Appellant then filed his notice of appeal on April 7, 2021. The trial court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and Appellant timely complied with the court's order on April 27, 2021. The trial court issued its Rule 1925(a) opinion on June 4, 2021.

Appellant presents the following claims in his brief to this Court.

Whether the Commonwealth failed to prove by sufficient evidence that [] Appellant committed the crimes for which he was convicted[?]

Whether the robbery of the victim and the burning of his body and residence were the object of a single agreement or part of a continuous conspiratorial relationship[?]

Whether the trial court abused its discretion [in] sentencing [Appellant?]

Appellant's Brief at 1.[3]

In his first claim, Appellant argues that the Commonwealth failed to adduce sufficient evidence to support his convictions. Our review of this issue is governed by the following standards.

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most

---

received credit for serving 796 days of incarceration prior to sentencing. **See** Trial Court Opinion, 6/4/21, at 3 (unpaginated).

[3] We have re-ordered Appellant's claim to facilitate our analysis and discussion.

favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Levy*, 83 A.3d 457, 461 (Pa. Super. 2013).

The certified record confirms that the Commonwealth introduced sufficient evidence to prove each element of every charged offense beyond a reasonable doubt.[4] In challenging the sufficiency of the evidence, Appellant asserts, in conclusory fashion and with minimal development, that: the Commonwealth failed to prove the requisite *mens rea* (or disprove justification) to sustain convictions for Appellant's homicide-related offenses (Appellant's Brief at 7-10); the Commonwealth offered insufficient proof of burglary because Appellant traveled to the victim's home with no intention to commit a crime (Appellant's Brief at 10); the Commonwealth failed to prove robbery because Appellant assaulted the victim to protect Reyes, not to

_____

[4] Arguably, Appellant waived appellate review of his sufficiency challenge in failing to specify the element or elements upon which the evidence was insufficient. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) ("to preserve a claim that the evidence was insufficient, then [a] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient") (quotation omitted); Trial Court Opinion, 6/4/21, at 4 (unpaginated) ("[n]owhere in [Appellant's Rule] 1925(b) statement does he specify any element … that was not established beyond a reasonable doubt").

commit a theft (Appellant's Brief at 11); the Commonwealth failed to prove conspiracy to commit robbery because there was no proof of a plan or agreement to remove the victim's property (Appellant's Brief at 11); the Commonwealth did not prove theft by unlawful taking since Reyes took the victim's property (Appellant's Brief at 11); the Commonwealth did not prove arson or conspiracy to commit arson since Appellant did not intend to burn the victim's residence and there was no agreement between Appellant and Reyes to commit arson (Appellant's Brief at 12); the Commonwealth did not prove abuse of a corpse since there was no proof that Appellant treated a corpse in a manner he knew would cause outrage (Appellant's Brief at 12); and, the Commonwealth failed to prove evidence tampering because there was no proof Appellant knew he was the subject of a police investigation (Appellant's Brief at 12). With these contentions, Appellant views the evidence in the light most favorable to the defense and asks this Court to re-weigh the evidence, both of which are forbidden under our standard of review. Hence, Appellant is not entitled to relief on his opening claim.

In his second claim, Appellant contends that, since there was only one conspiracy, the trial court erred in imposing consecutive sentences on Appellant's convictions for criminal conspiracy to commit robbery and criminal conspiracy to commit arson. The Commonwealth defends the trial court's sentences, asserting that, while Appellant and Reyes initially contemplated an assault upon the victim, they did not initially plan to burn his residence, as

evidenced by their failure to properly prepare and equip themselves for that task.  **See** Commonwealth's Brief at 36.

Here, the jury found Appellant guilty of criminal conspiracy to commit robbery and criminal conspiracy to commit arson.  At sentencing, the trial court imposed separate punishments for each conspiracy conviction.

The conspiracy statute provides that, "[i]f a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or [a] continuous conspiratorial relationship." 18 Pa.C.S.A. § 903(c).  In determining whether a particular case involves one or more conspiracies, we consider several factors.

> The factors most commonly considered in a totality of the circumstances analysis of the single vs. multiple conspiracies issue ... are: the number of overt acts in common; the overlap of personnel; the time period during which the alleged acts took place; the similarity in methods of operation; the locations in which the alleged acts took place; the extent to which the purported conspiracies share a common objective; and, the degree to which interdependence is needed for the overall operation to succeed.

**Commonwealth v. Savage**, 566 A.2d 272, 278 (Pa. Super. 1989).  If a defendant establishes that multiple crimes were the object of the same agreement or a continuous conspiratorial relationship, he cannot be punished separately for multiple conspiracy convictions since multiple sentences under such circumstances are precluded by statute.  **See Commonwealth v. Davis**, 704 A.2d 650, 654-655 (Pa. Super. 1997), *appeal denied*, 719 A.2d 744 (Pa. 1998), *cert. denied*, 525 U.S. 1026 (1998).

After careful consideration of the factors identified in *Savage*, *supra*, we conclude that, while the evidence introduced at trial established beyond a reasonable doubt that Appellant conspired with Reyes to commit robbery and arson, Appellant may be sentenced for only one conspiracy since both offenses were the object of a continuous conspiratorial relationship. Although the overt acts and methods employed to carry out the robbery and arson differ, it is evident that the balance of the factors listed in *Savage* weigh heavily in favor of finding a continuous conspiratorial relationship. Both the robbery of the victim and the burning of his home occurred at the same time and place and were committed by the same individuals who acted in concert. Moreover, the robbery and the arson were highly interdependent and part of a continuing and logically related objective: the commission of a violent theft followed by an effort to conceal and destroy evidence of multiple crimes.[5] Thus, the trial court erred in imposing consecutive sentences for both conspiracy to commit robbery and conspiracy to commit arson.

_____

[5] The conclusions of the trial court in assessing Appellant's sufficiency challenge support our determination. In finding that sufficient evidence supported Appellant's conviction for conspiracy to commit robbery, the trial court observed that Appellant and Reyes agreed to rob the victim by taking or exercising control over his personal property and that the victim was killed during the theft. Trial Court Opinion, 6/4/21, at 6-7 (unpaginated). In addition, the court found sufficient evidence to support Appellant's conviction for conspiracy to commit arson because, shortly after the theft and the killing occurred, Appellant and Reyes agreed to use gasoline to burn the victim's body and his residence. *Id*.

We turn now to consider Appellant's remedy. "[I]n instances where consecutive sentences are imposed for inchoate offenses of equal grading,[6] we have determined it prudent to vacate and remand, leaving it to the sentencing court to decide which one of the [ ] inchoate convictions to let stand [for sentencing purposes]." **Commonwealth v. Kirkland**, 2019 WL 3064848, *6 (Pa. Super. Jul. 12, 2019) (unpublished memorandum) (footnote in original) (internal quotation omitted); **see also Commonwealth v. Kornegay**, 2019 WL 4274044, *6 (Pa. Super. Sep. 10, 2019) (unpublished memorandum) (vacating all sentences and remanding for resentencing where single continuing conspiracy was established and convictions for conspiracy to commit criminal trespass and conspiracy to commit aggravated assault should have merged for sentencing purposes).[7] Since our holding has disturbed the overall sentencing scheme adopted by the trial court, we shall vacate Appellant's sentences and remand this matter for resentencing.

In view of our decision to vacate Appellant's sentences in their entirety, we need not consider Appellant's final claim, which raises a challenge to the discretionary aspects of his punishment.

_____

[6] **See** 18 Pa.C.S.A. § 905 ("[A]ttempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy.").

[7] Effective May 1, 2019, any memorandum decision of this Court may be cited for its persuasive value. **See** Pa.R.A.P. 126(b)(2).

Convictions affirmed. Sentences vacated. Case remanded for resentencing. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/29/2022